**NOT FOR PUBLICATION**

# FILED

MAR 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESICA MARICELA RIVERA; KIMBERLI ALEXANDRA GARCIA-RIVERA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  19-71755 <br><br> Agency Nos.  A202-137-565 <br> A202-137-549 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 1, 2021
Pasadena, California

Before:  KLEINFELD, HIGGINSON,** and OWENS, Circuit Judges.
Concurrence by Judge HIGGINSON

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

The parties agree that the case should be remanded in light of *Akosung v. Barr*, 970 F.3d 1095 (9th Cir. 2020) and *Castillo v. Barr*, 980 F.3d 1278 (9th Cir. 2020) for further consideration of petitioner's Convention Against Torture claim.

Since the case is being remanded, the Board has discretion to reconsider petitioner's claims regarding asylum and withholding of removal as it may deem appropriate.

The petition for review is **GRANTED** and **REMANDED**.

19-71755, *Rivera v. Garland*

HIGGINSON, Circuit Judge, concurring:

I am in agreement with the judgment of the Court, but take this opportunity to note that, in my view, the Board erred when it affirmed the Immigration Judge's finding that Ms. Rivera did not show incidents that rise to the level of past persecution. Ms. Rivera was deemed credible and testified that five armed MS-13 gang members twice broke into her home, brandishing weapons, to confront her and her daughter, who were home alone. These physical confrontations escalated, culminating in a final confrontation when MS-13 gang members threw Ms. Rivera to the ground, threatened to kill her, and threatened to kill her daughter, who was then fifteen months old. This repeated series of escalating confrontations, which included death threats and was accompanied by personal and property violence, rises to the level of past persecution under this Circuit's law. *E.g.*, *Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004); *Ruano v. Ashcroft*, 301 F.3d 1155, 1159–61 (9th Cir. 2002).

Second, Ninth Circuit asylum law considering "particular social group" in the context of opposition to gang violence is well developed. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). It recognizes that the family is "the quintessential particular social group." *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). And it recognizes that "retaliation towards a family unit over time can demonstrate a kind of animus . . . sufficient to demonstrate nexus" if the

petitioner can show "via uncontradicted testimony that persecutors specifically sought out the particular social group of [her] family." *Garcia v. Wilkinson*, --- F.3d ----, No. 19-72803, 2021 WL 628281, at *6 (9th Cir. Feb. 18, 2021). The question of whether the Attorney General's recent decision *Matter of L-E-A-*, 27 I. & N. Dec. 581 (2019) (*L-E-A- II*), is entitled to deference in light of this Circuit's published and en banc law is not before us because the Board did not rely on *L-E-A- II* in dismissing Ms. Rivera's petition.

As the panel states, the Board has discretion to reconsider Ms. Rivera's asylum and withholding of removal claims.